SEND
FILED
CLERK, U.S. DISTRICT COURT
AUG 11 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| DONALD SULLIVAN, et al., | ) | SA CV 05-392 AHS (MLGx) |
|---|---|---|
| | ) | |
| | ) I. | AMENDED ORDER FOR JURY TRIAL SETTING DATES FOR: |
| | ) | |
| | ) | Discovery Cutoff: |
| Plaintiffs, | ) | <u>August 11, 2006</u> |
| | ) | |
| | ) | Final Pretrial Conference: |
| v. | ) | <u>November 6, 2006</u> |
| | ) | at 2:00 p.m. |
| | ) | |
| | ) | Trial: |
| ORACLE CORPORATION, et al. | ) | <u>February 27, 2007</u> |
| | ) | at 9:00 a.m. |
| | ) II. | ORDER FOR PREPARATION FOR JURY TRIAL AND JURY INSTRUCTIONS AND SETTING EXHIBIT CONFERENCE FRIDAY BEFORE TRIAL |
| Defendants. | ) | |
| | ) III. | ORDER GOVERNING ATTORNEY AND PARTY CONDUCT AT TRIAL |

DOCKETED ON CM
AUG 11 2005
BY _____ 082

I.

ORDERS FOR PRETRIAL PROCEEDINGS

A.      Scheduling

1. **Parties and Pleadings**: All motions to join other parties or to amend the pleadings shall be filed and served within **sixty (60) days of the date of this order**. All unserved parties shall be dismissed no later than the date on which the Final Pretrial Conference is held.

2. **Motions for Summary Judgment or Partial Summary Judgment**: No motions for summary judgment or partial summary judgment may be filed later than **fifteen (15) days after the discovery cutoff date**, unless otherwise ordered by Court.

3. **Discovery Cutoff**: All discovery is to be completed on, or before, the discovery cutoff date. The following discovery schedule shall apply to this case.

   a. **Depositions**: All depositions shall be scheduled to commence at least **five (5) working days** before the discovery cutoff date. All depositions to be used in trial shall be lodged with the Courtroom Deputy Clerk at least **five (5) court days** before trial or such earlier date as the Court may order.

   b. **Interrogatories**: All interrogatories must be served at least **forty-five (45) days** before the discovery cutoff date.

   c. **Production of Documents, etc., as Among Parties**: All requests for production, etc., among parties, shall be served at least **forty-five (45) days** before the discovery cutoff date.

   d. **Requests for Admissions**: All requests for

admissions shall be served at least **forty-five (45) days** before the discovery cutoff date.

   **e. Discovery Motions**: Any motion respecting the inadequacy of responses to discovery must be filed and served **not later than ten (10) days** after the discovery cutoff date. Consistent resort to the Court for guidance in discovery is unnecessary and may result in the Court appointing a Special Master at the joint expense of the parties to resolve discovery disputes. Counsel are reminded to adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California.

   **f. Disclosure of Expert Testimony**: The above discovery cutoff date includes expert discovery, unless otherwise ordered by Court. The Court orders the sequence of disclosures provided by Fed. R. Civ. P. 26(a)(2)(C), unless the parties otherwise stipulate in writing and obtain the Court's approval.

**B.**  **Final Pretrial Conference**

   This case has been placed on calendar for a Final Pretrial Conference pursuant to Fed. R. Civ. P. 16. The Court requires strict compliance with the requirements of the Federal Rules of Civil Procedure and the Local Rules, including use of the format in Appendix A.

//
//
//
//
//
//

## II.

## ORDER FOR PREPARATION FOR JURY TRIAL AND JURY INSTRUCTIONS AND SETTING EXHIBIT CONFERENCE FRIDAY BEFORE TRIAL

**A.   Counsel shall comply with the following orders in preparing for trial by jury.**

**1.   Motions *in Limine*:** All motions *in limine* must be filed and served a minimum of forty-five (45) days before the originally scheduled trial date. Each motion should be separately filed and numbered. All opposition documents must be filed and served at least twenty (20) days before the scheduled trial date. All reply documents must be filed and served at least ten (10) days before the scheduled trial date.

All motions *in limine* will be heard on the first day of trial, unless the parties proceed under the noticed motion provisions of Local Rule 7, or the Court otherwise orders.

**2.   Jury Instructions, Verdict Forms, and Voir Dire:**

Plaintiff shall serve proposed jury instructions and a proposed verdict form on defendant. Defendant shall serve objections to plaintiff's instructions and verdict form, together with any alternative verdict form and any additional instructions defendant intends to offer. Counsel shall confer to attempt to reach agreement on the proposed jury instructions and verdict forms.

### a.   Joint Jury Instructions

Counsel shall file with the Court a JOINT set of jury instructions on which there is agreement. Defendant's counsel is charged with the preparation of the joint set of jury instructions. At the same time, each party shall file its

proposed jury instructions to which there are objections, accompanied by a memorandum of points and authorities in support of those instructions.

        **b.   Filing Jury Instructions and Lodging Electronic Version**

Jury instructions are to be filed and served on opposing counsel in compliance with Local Rule 51-1.  At the same time, counsel must furnish to the Courtroom Deputy Clerk a diskette of proposed jury instructions containing only the text of the proposed instructions so that plain text copies may be submitted to the jury during its deliberations.  Counsel may submit the proposed instructions on a 3½" diskette compatible with WordPerfect® 7.0 or later versions of WordPerfect®.

        **c.   Objections to Jury Instructions**

Objections to proposed jury instructions must be filed and served in compliance with Local Rules 51-5 and 51-5.1.

    **3.   Voir Dire:**  At least four (4) court days before trial, as recommended in Appendix A to the Local Rules, each counsel shall file and serve on opposing counsel any special questions that counsel requests to be asked of prospective jurors on voir dire.

    **4.   Joint Statement of the Case:**  No later than five (5) days before the trial date or by the time of the Exhibit Conference, whichever is later, counsel must confer and agree on a joint statement of the case, not to exceed one page, to be submitted to the Courtroom Deputy Clerk.

    **5.   Stipulations**:  All counsel shall confer no later than five (5) days before trial and stipulate so far as is

possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial.

**B.        Counsel Shall Attend an Exhibit Conference**

A special conference regarding trial exhibits and other trial matters, which requires the attendance of trial counsel, will be held on the FRIDAY BEFORE THE SCHEDULED TRIAL DATE AT 3:00 P.M. IN COURTROOM 10A, UNLESS THE COURT OTHERWISE ORDERS. The Court requires the following submitted to the Courtroom Deputy Clerk at the time of the Exhibit Conference:

**1.   Trial Exhibits**: Counsel shall prepare the <u>original</u> trial exhibits in either three-ring binders indexed by exhibit number with right-sided divider tabs, or in separately marked file folders inserted within redwells. Original exhibits must have affixed to the upper right-hand corner of the first page of each exhibit the Court's exhibit tag. If using binders, counsel shall label the front and spine of each binder with the respective volume number and exhibits contained within that binder. A binder <u>bench book</u> shall also be provided for use by the Court. Exhibits must be numbered in accordance with the Local Rules and Fed. R. Civ. P. 16 and 26, and shall be internally paginated.

**2.   Exhibit Lists:** Counsel shall provide five (5) conformed copies of the joint or parties' exhibit list(s).

**3.   Witness Lists:** Counsel shall provide five (5) conformed copies of the witness lists.

//

//

# III.

## ORDER GOVERNING ATTORNEY AND PARTY CONDUCT AT TRIAL

**A.     Opening Statements, Examining Witnesses, and Summation**

1. Opening statements, examination of witnesses, and summation will be from the lectern only.

2. Counsel must not consume time by writing out words or drawing charts or diagrams. Counsel may do so in advance and explain that the item was prepared earlier as ordered by the Court to save time.

3. In final argument, counsel shall not address any juror by name and must avoid any appeal to a juror putting the juror in the position of a party, such as "What would you take for such pain?" or "What would you expect your son or daughter to do in the same circumstances?"

4. Never strike the lectern for emphasis.

5. The Court will honor reasonable time estimates for opening and closing statements to the jury. The Court will not require a jury to sit longer than sixty-five (65) minutes in any one session during counsel's summation. (See para. J, <u>infra</u>.)

**B.     Objections to Questions**

1. Counsel must not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness.

2. When objecting, counsel must rise and state only that counsel objects and the legal grounds for the objection.

**C.     General Decorum**

1. Please keep the trial low-key. It is to be a dignified search for the truth.

2. Counsel must not approach the Courtroom Deputy Clerk or the witness box without specific permission. When permission is given, please return to the lectern when the purpose of the permission is completed. Counsel must not question a witness while at the witness stand.

3. Please rise when addressing the Court and when the jury enters or leaves the courtroom.

4. Counsel must address all remarks to the Court. Counsel are not to address the Courtroom Deputy Clerk, the reporter, persons in the audience, or opposing counsel. If counsel wishes to speak with opposing counsel, counsel must ask permission to talk off the record. Any request for the re-reading of questions or answers shall be addressed to the Court.

5. Counsel must not address or refer to witnesses or parties by first names alone. Young witnesses (under 14) may properly be addressed and referred to by first names.

6. Counsel must not make an offer of stipulation unless counsel has conferred with opposing counsel and has reason to believe the stipulation is acceptable.

7. While Court is in session, counsel must not leave counsel table to confer with investigators, secretaries, witnesses or other persons in the back of the courtroom unless permission has been granted in advance.

8. Counsel should not by facial expression, nodding, or other conduct, exhibit any opinion, adverse or favorable, concerning any testimony being given by a witness. Counsel must admonish counsel's own clients and witnesses to avoid such conduct.

9. Where a party has more than one lawyer, only one may object to the testimony or conduct the direct or cross-examination of a given witness.

**D.     Promptness of Counsel and Witnesses**

1. The Court makes every effort to commence proceedings at the time set. Promptness is expected from counsel and witnesses. It is counsel's duty to tell the Court on the first day of any commitments in any other court on a subsequent day that may result in absence or late arrival.

2. If a witness was on the stand at <u>adjournment</u>, it is counsel's duty to have the witness adjacent to, but not on, the witness stand, ready to proceed, when the court session resumes. If a witness was on the stand at a <u>recess</u>, it is counsel's duty to have the witness back on the stand, ready to proceed, when the court session resumes.

   a. It is counsel's duty to have the next witness in the courtroom after a recess if the last witness was excused at the time of the recess.

   b. It is counsel's duty to notify the Courtroom Deputy Clerk in advance if any witness should be accommodated by use of the witness stand's automated platform, which lowers and raises to aid witnesses who are unable to otherwise take the witness stand.

3. No presenting party may be without witnesses. If counsel has no more witnesses to call and there is more than a brief delay, the Court may deem that the party has rested.

4. The Court attempts to cooperate with physicians, scientists, and all other professional witnesses and will, except

in extraordinary circumstances, accommodate them by permitting them to testify out of sequence. Counsel must anticipate this possibility and discuss it with opposing counsel. If there is objection, counsel must confer with the Court in advance.

**E.      Exhibits**

1. Each counsel should keep counsel's own list of exhibits and should note when each exhibit has been admitted in evidence.

2. Each counsel is responsible for any exhibits that counsel secures from the Courtroom Deputy Clerk and, at all recesses, at noontime, and afternoon adjournments, must return all exhibits in counsel's possession to the Courtroom Deputy Clerk.

3. An exhibit not previously marked should, at the time of its first mention and assuming that counsel intends for that item to become an exhibit, be accompanied by a request that the Courtroom Deputy Clerk mark it for identification. To save time, counsel must show a new exhibit to opposing counsel before it is mentioned in Court. If an item is meant for non-evidentiary purposes, such as refreshing recollection, no numbering or marking for identification is needed.

4. Whenever a particular exhibit is admissible, in counsel's opinion, it may be moved into evidence at the next available recess if the motion to admit it is opposed. (Counsel should consider waiting, however, until cross-examination concerning the proposed exhibits is concluded.) In the alternative, counsel may hold exhibits until the end of counsel's case and move them all into evidence at that time.

5. The Court regards admissibility of exhibits as a legal issue for the Court to rule on, absent agreement among counsel. Counsel are admonished to make no motion to introduce an exhibit while the jury is present <u>unless</u> counsel has previously conferred with opposing counsel and knows that there will be no objection to the motion to admit. When the Court hears a motion to admit an exhibit before the jury, the Court assumes that counsel has already cleared admission of the exhibit with opposing counsel and will grant the motion. If any objection is lodged, the Court will expect a full explanation from counsel who moved to admit an exhibit while the jury was present.

6. Counsel shall advise the Courtroom Deputy Clerk of any agreements they have with respect to proposed exhibits that may be received so that no further motion to admit need be made.

7. When referring to an exhibit, counsel should refer to its exhibit number whenever possible. Witnesses should be asked to do the same.

8. The Court resists taking time to pass an exhibit among the jury for viewing when it is admitted. A request to do so should be made to the Court in a recess period preceding introduction of the exhibit.

9. Counsel must not ask witnesses to draw charts or diagrams nor ask the Court's permission for a witness to do so. If counsel wishes to question a witness in connection with graphic aids, the material must be fully prepared before the court session starts. (See Part III, A, 2, <u>supra</u>.)

//

**F.      Depositions**

   1.   All depositions that are to be used in the trial, either as evidence or for impeachment, must be signed and filed before the trial commences.  (See Part I, A, 3, (a), <u>supra</u>.)  Counsel should check with the Courtroom Deputy Clerk to learn whether the Court already has any deposition, properly signed, in which counsel is interested.

   2.   In using depositions of an adverse party for impeachment, either one of the following procedures may be adopted:

       a.   If counsel wishes to read the questions and answers as alleged impeachment and ask the witness no further questions on that subject, counsel may merely read the relevant portions of the deposition into the record, stating the page and line where the reading began and the page and line where the reading ended.

       b.   If counsel wishes to ask the witness further questions on the subject matter, the deposition is placed in front of the witness and the witness is told to read silently the pages and lines involved.  Then counsel may either ask the witness further questions on the matter and thereafter read the quotations or read the quotations and thereafter ask the further questions.  Counsel should have an extra copy of the deposition for this purpose.

   3.   Where a witness is absent and the witness' testimony is offered by deposition, please observe the following procedures:

       A reader should occupy the witness chair and read

the testimony of the witness while the examining lawyer asks the questions. All colloquies among counsel or parties on the deposition record, except relevant stipulations, should be omitted from the reading, thereby presenting only the relevant evidence.

**G.     Using Numerous Answers to Interrogatories and Requests for Admissions**

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions, extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted. Copies of this new document should be given to the Court and opposing counsel.

**H.     Jury Instructions**

All requested instructions must be filed and served in accordance with the Local Rules of this District or this Court's Order served on the parties at the criminal arraignment or other pretrial hearing. Supplemental instructions must be filed and served as soon as the need for them becomes apparent. (See also, Part II, A, 2, *supra*.)

**I.     Advance Notice of Evidentiary or Difficult Questions**

If any counsel has reason to anticipate that a difficult question of law or evidence will raise legal argument, requiring research and/or briefing, counsel must give the Court advance notice. Counsel are directed to notify the Courtroom Deputy Clerk at the day's adjournment of unexpected legal issues that could not have been foreseen and addressed by a motion *in limine* (see F. R. Evid. 103.) The Court will customarily order

counsel to appear one-half hour earlier the next morning of trial to discuss the matter before the jury's return.

### J.    Final Phase of Jury Trials

**1.    Time for Arguments**: Counsel will be asked to provide reasonable estimates for the time needed to present closing summation.  Each counsel will be held to those estimates to within five (5) and no more than ten (10) minutes.  Counsel should keep track of time consumed in argument.

After fifty (50) minutes and before sixty-five (65) minutes, counsel may ask the Court if this would be a "convenient time" to take a short break before going on to the next topic.  Counsel's request for a break will be honored.  After sixty-five (65) minutes of summation, the Court will declare a recess.

**2.    Exhibits Referred to During Argument**: The Courtroom Deputy Clerk is not available to supply exhibits during summation.  Exhibits can be arranged and made available to counsel at the lectern before summation if they are needed.  Counsel <u>must</u> advise the Courtroom Deputy Clerk of this need at least one day before closing arguments begin.

**3.    Court Reporter Transcripts**: Counsel are admonished to not state in summation, "I am reading from the reporter's transcript."  Counsel may, however, refer to "notes" (which may be a partial transcript) and proceed to deliver the recounted evidence in a "question and answer" format.  Counsel are <u>not</u> to suggest to the jury that they may request re-reading of testimony.

The Court will provide the jury with the following instruction on the subject of re-reading testimony:

        Re-reading of testimony is possible, but I must review all of what is to be re-read -- *there is no transcript made up*. And, even if there were, I would have to have it re-read due to objections, sidebars, and other proceedings outside the jury's presence. Moreover, I or the attorneys might feel that other matters should be included in the same read-back. Preparing for a re-read of testimony takes time. Please understand that, so that if a request is made, we will gladly arrange to do so, but the jury should keep deliberating until we are able to make sure that we have everything ready.

**4. Presence of counsel, parties, and agents at adjournment once deliberations start:** Since another trial will likely have started while the jury in the parties' case is deliberating, the following options are suggested for the day's adjournment in lieu of convening a separate session of Court.

    a. Counsel may stipulate that the Court sitting alone may admonish the jury at the adjournment and the Court will inform the jury that counsel and parties have been excused; or,

    b. Counsel may stipulate that the Courtroom Deputy Clerk may admonish the jurors and excuse them for the evening; or,

//
//
//

1       c.   Counsel may waive the necessity of an evening
2 admonition at adjournment in light of admonitions made to the
3 jury as trial progressed.

5     IT IS SO ORDERED.
6     Dated:   AUG 11, 2005    .

               *[signature]*
             ALICEMARIE H. STOTLER
             UNITED STATES DISTRICT JUDGE