PAUL, HASTINGS, JANOFSKY & WALKER LLP
STEPHEN L. BERRY (SB# 101576)
stephenberry@paulhastings.com
BRIGHAM M. CHENEY (SB# 238219)
brighamcheney@paulhastings.com
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626-1924
Telephone: (714) 668-6200
Facsimile: (714) 979-1921

Attorneys for Defendant
ORACLE CORPORATION

FILED
CLERK
OCT 19 2006

Priority  X
Send      X
Enter     X
Closed    ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DONALD SULLIVAN, DEANNA EVICH, and RICHARD BURKOW, individually, and on behalf of other persons similarly situated and the general public,<br><br>Plaintiff,<br><br>vs.<br><br>ORACLE CORPORATION, a Delaware Corporation, ORACLE UNIVERSITY, form unknown, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: SACV 05-0392 AHS (MLGx)<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~~OR, IN THE ALTERNATIVE~~, **FOR PARTIAL** ~~SUMMARY JUDGMENT~~<br><br>2Y<br>Date: ~~July 10, 2006~~ October 2, 2006<br>Time: 10:00 a.m.<br>Ctrm: 10A |

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

ENTERED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
OCT 25 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

LEGAL_US_W # 53137253.1
DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF

1   ~~Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local~~
2   ~~Rule 56-1, defendant Oracle Corporation ("Oracle") respectfully submits~~ the
3   following Statement of Uncontroverted ~~Facts~~ and Conclusions of Law in Support of
4   Defendant Oracle ~~Corporation~~'s Motion for Summary Judgment or, in the
5   ~~Alternative, for Partial Summary Judgment.~~

## I. UNCONTROVERTED MATERIAL FACTS

### A. Facts Relevant to Plaintiffs' Claims for Violations of the California Labor Code and for Unfair Business Practices in Violation of California Business & Professions Code §§ 17200, *et seq.* Based on Alleged Labor Code Violations (First and Second Causes of Action).

1. At all times material to this case, plaintiff Donald Sullivan ("Sullivan") was a resident and domiciliary of Colorado. (Stipulated Fact No. 14.) Sullivan received his letter of employment offer in Colorado. (Stipulated Fact No. 16.)

2. Sullivan worked for Oracle as a Principal Instructor from December 4, 1999 to August 31, 2000 and as a Senior Principal Instructor thereafter until January 2004. (Stipulated Fact No. 17.)

3. During the above time period relevant to this action, Sullivan worked at least 450 days in his home state of Colorado. ~~representing at least 73% of his working time.~~ At least 91 days ~~(15% of his working time)~~ were spent in 11 other states (Illinois, Utah, Florida, Washington, Georgia, Oregon, Texas, Maryland, Massachusetts, Virginia and New York). ~~Just~~ 74 days ~~(12% of his working time)~~ were spent ~~traveling~~ for work in California. (Stipulated Fact Nos. 18-40.)

4. Sullivan did not pay California state income tax on any portion of his income from employment with Oracle at any time material to this lawsuit. (Stipulated Fact No. 41.)

5. At all material times, plaintiff Deanna Evich ("Evich") was a resident and domiciliary of Colorado. (Stipulated Fact No. 42.) Evich received her letter of employment offer in Colorado. (Stipulated Fact No. 44.)

6. Evich began working for Oracle as a Senior Consultant on August 30, 1999 and held that position until February 28, 2000, when she became a Senior Instructor. (Stipulated Fact Nos. 43, 45.)

7. During the above time period relevant to this case, Evich worked at least 310 days in her home state of Colorado, ~~representing at least 78% of her working time~~. She traveled on business to California on 80 days during this time period ~~(2% of her working time)~~, and raveled elsewhere for business ~~about 2% of her working time~~ in six other states (Illinois, Michigan, Texas, Minnesota, Virginia and Washington). (Stipulated Fact Nos. 46-56.)

8. Evich did not pay California state income tax on any portion of her income from employment with Oracle at any time material to this case. (Stipulated Fact No. 57.)

9. At all material times, plaintiff Richard Burkow ("Burkow") was a resident and domiciliary of Arizona. (Stipulated Fact No. 58.)

10. Burkow worked as a Senior Principal Instructor throughout his employment with Oracle, which ended in April 2002. (Stipulated Fact Nos. 59, 60.)

1  11. During the above time period relevant to this case, Burkow worked at least 160 days in his home state of Arizona, ~~representing 62% of his working time~~. During this same time period, he worked at least 30 days in Illinois and 23 days in Texas, ~~representing 12% and 9% of his working time, respectively. About 9% of his working time was~~ He also spent time working in 13 other states (Colorado, Georgia, Alabama, Massachusetts, Maryland, Ohio, Oklahoma, Washington, Virginia, Minnesota, Kansas, Indiana and New Mexico). He worked ~~only~~ 20 days ~~(8% of his working time)~~ in California. (Stipulated Fact Nos. 61-72.)

12. Burkow did not pay California state income tax on any portion of his income from employment with Oracle at any time material to this lawsuit. (Stipulated Fact No. 73.)

**B. Facts Relevant to Plaintiffs' Claims for Unfair Business Practices in Violation of California Business & Professions Code §§ 17200 *et seq*. Based on Alleged Violations of the Federal Fair Labor Standards Act (Third Cause of Action).**

13. On March 29, 2005, in a prior related case against Oracle, *Gabel and Sullivan v. Oracle Corporation* ("*Sullivan I*"), Case No. SACV 03-348 AHS (MLGx), all claims on behalf of the individual plaintiffs and class members were dismissed with prejudice, except for claims under California law by FLSA class members for periods of time they may have worked in the state of California when they were not a resident of the state, which were dismissed without prejudice. (Declaration of Stephen L. Berry ["Berry Decl."] ¶ 3 and Exhibit 1, thereto.)

14. Sullivan was a member of the FLSA class in *Sullivan I*, but Evich and Burkow were not members of the FLSA class in *Sullivan I* because they did not file a consent to join form as was required. (Berry Decl. ¶ 2.)

LEGAL_US_W # 53137253.1 -3-
DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF

15. Uncontroverted Fact Nos. 1 - 13, above, are incorporated herein by this reference. Plaintiffs were not residents of California at any time during the period relevant to their claims, worked a small portion of their Oracle working time in California, worked in many other states and paid no California income tax on Oracle compensation.

C. Further Findings

16. Any conclusion of law deemed to be a finding of fact is hereby held to be a finding of fact.

## II. CONCLUSIONS OF LAW

### A. California Wage and Hour Law Does Not Apply to Non-Residents Who Spend Only a Small Portion of Their Working Time in California.

1. In California "a reasoned analysis regarding the applicable law is critical in actions seeking to assert claims on behalf of non-residents." *Washington Mutual Bank v. Superior Court*, 24 Cal. 4th 906, 915, 103 Cal. Rptr. 2d 320, 327 (2001) (reversing class certification where non-resident class members had insufficient contacts with California).

2. Where, as here, there is no agreement specifying a choice of law, California follows a three-step "governmental interest analysis" in determining the appropriate applicable law. *Id.* at 919. First, the proponent of an applicable foreign law must identify the rule of law of each potentially concerned state and show that it materially differs from the law of California. Second, the court must determine what interest, if any, each state has in having its own law applied to the case. Third, the court must select the law of the state whose interests would be more impaired if its law were not applied. *Id.* at 919-920. Thus, California law

may only be used on a class-wide basis if "the interests of other states are not found to outweigh California's interest in having its law applied." *Id.* at 921.

3. In making this analysis, the Court's "main focus should be on whether plaintiffs made an adequate showing of their own significant contacts with California, such that their claims predominantly arose here, and gave rise to a significant interest on the part of California in applying its laws to these class wide claims." *J. P. Morgan & Co., Inc. v. Superior Court*, 113 Cal. App. 4th 195, 221, 6 Cal. Rptr. 3d 214, 233 (2004) (reversing class certification).

4. Applicable law from Plaintiffs' home states materially differs from the Labor Code provisions at issue in this case. For example, there are three so-called white collar exemptions from California's overtime pay law -- the executive, administrative and professional exemptions. To qualify for the professional exemption for teachers, the employee must be (1) licensed or certified by the State of California and primarily engaged in the practice of teaching; and (2) customarily and regularly exercise discretion and independent judgment in the performance of duties as a teacher. 8 Cal. Code Reg. § 11040(1)(A)(3) ("IWC Wage Order 4-2001"). California requires that teachers either possess a certificate from the Commission for Teacher Preparation and Licensing or teach at an accredited college or university. IWC Wage Order 4-2001(2)(R). All employees who do not qualify for an exemption are entitled to overtime pay at the rate of one and one-half times the regular rate for all hours worked in excess of eight hours in one day or 40 hours in one week, and for the first eight hours of the seventh consecutive day of work in a workweek. In addition, employers must pay overtime at the rate of twice the regular rate for all hours worked in excess of 12 in one day or in excess of eight hours on the seventh consecutive day of work in a workweek. IWC Wage Order 4-2001(3)(A)(1). The law differs elsewhere. Colorado's

exemption for teachers is subsumed within the professional exemption, which fundamentally differs from California's rule in that it: (1) does not require that the teacher regularly exercise discretion and independent judgment in the performance of his or her duties; (2) has no "primarily engaged" requirement, but does require the employee to be employed in the field in which they are trained; and (3) does not require a teaching certificate or teaching at an accredited college or university. *See* 7 C.C.R. § 1103-1(5)(c). A Colorado employee who does not qualify for an exemption is entitled to overtime pay at the rate of one and one-half times the regular rate of pay for all hours worked in excess of 40 hours per week, 12 hours per day, or 12 consecutive hours without regard to the beginning and ending of a workday. *See* 7 C.C.R. § 1103-1(4). Unlike California, Colorado does not have any double time pay requirement, and does not require any overtime pay for work on the seventh consecutive day worked if none of the overtime pay thresholds has been met. Arizona has no minimum wage or overtime law; it follows the FLSA. The federal rules differ materially from both California and Colorado rules. The FLSA provides an exemption for "any employee employed in the capacity of academic administrative personnel or teacher . . ." 29 U.S.C. § 213(a)(1). The FLSA teacher exemption differs from California's and Colorado's exemptions in that it (1) requires that the employee's "primary duty"[1] be teaching; and (2) requires that the teacher be employed at an "educational establishment." 29 C.F.R. § 541.303(a). Moreover, the FLSA teaching exemption differs from California law in that it: (1) does not require that the teacher regularly exercise discretion and independent judgment in the performance of his or her duties; (2) has no "primarily engaged" requirement; and (3) does not require a teaching certificate or teaching at

---

[1] Under the FLSA, "primary duty" means the principal, main, major or most important part of the employee's work even if the duties do not constitute a majority of the employee's working time. *See* 29 C.F.R. § 700(a). In contrast, California's "primarily engaged" standard requires the employee to spend more than 50% of his or her working time engaged in exempt work. *See* Cal. Lab. Code § 515(e); *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785, 85 Cal. Rptr. 2d 844 (1999).

1  an accredited college or university.[2]  Under the FLSA, an employee who does not
2  qualify for an exemption must be paid overtime at the rate of one and one-half
3  times the regular rate of pay for all hours worked in excess of 40 hours per week.
4  29 U.S.C. § 207(a)(1). Unlike California and Colorado, the FLSA does not impose
5  any daily overtime pay requirements, and unlike California, the FLSA does not
6  provide for any double time pay or overtime pay for work on the seventh
7  consecutive workday in a week.

9       5.    Plaintiffs' home states have expressed ~~a significant~~ interest in
10 having their laws applied [to resident employees who work primarily in-state]. In Arizona, for example, "the existence of the employer-
11 employee relation within the state gives the state an interest in controlling the
12 incidents of that relation." *DiMuro v. Industrial Comm'n of Arizona*, 142 Ariz. 57,
13 61-62, 688 P. 2d 703, 707-708 (1984) (affirming dismissal of death benefits claim
14 because the applicable workers' compensation statute had no extraterritorial effect
15 where the decedent, although an Arizona resident, had not been regularly employed
16 in Arizona).

18      6.    The interests of the sister states outweigh that of California. In
19 employment litigation, residency plays the predominant role. *See McGhee v.*
20 *Arabian American Oil Co.*, 871 F.2d 1412, 1422-1423 (9th Cir. 1989) (holding in a
21 wrongful termination suit that "California's connections to the plaintiffs . . . are
22 insufficient to create an interest in applying California law" because plaintiffs either
23 never resided in California or abandoned their California residence before their
24 alleged injury occurred [and the injury occurred outside of California]). *Accord* DLSE Opinion Letter, June 12, 2002 ("Were a
25 conflict to arise and no choice of law intent was evident in the contract between the
26 parties, the question of the correct law to apply would depend, of course, on which

---
[2] The federal teaching exemption recognizes a teaching certificate as a clear means of identifying the employee as within the scope of the exemption, but does not require a teaching certificate. 29 C.F.R. § 541.303(c).

state (foreign or domestic) has the greatest interest in the outcome of the matter. **In large part, the residence of the parties would be determinative**") (emphasis added). Here, none of the Plaintiffs or the class they seek to represent lived in California at any pertinent time. In addition, none of the Plaintiffs paid income taxes in California for Oracle-related work. The *only* connection to California is a scattering of isolated business trips, which together form a small percentage of their total working time as an instructor of Oracle.

7.  In *Tidewater Marine v. Bradshaw,* 14 Cal. 4th 557, 59 Cal. Rptr. 2d 186 (1996), the California Supreme Court implied that California wage and hour laws do not apply to non-California residents who spend only a small portion of their working time in California. The Court held: "If an employee resides in California, receives pay in California, **and works exclusively, or principally, in California**, then that employee is a "wage earner of California" and presumptively enjoys the protection of IWC regulations." *Id.* at 578 (emphasis added).

8.  Conversely, those (like Plaintiffs here) who travel on business to California from other states are governed by the state law where they principally work. Under the holding and rationale of *Tidewater*, the Labor Code provisions do not apply to Plaintiffs and the class they seek to represent. *Cf. Campbell v. Arco Marine, Inc.,* 42 Cal. App. 4th 1850, 1858-59, 50 Cal. Rptr. 2d 626, 632 (1996) (holding that the California Fair Employment and Housing Act does not provide protection to non-residents who spend almost all of their working time outside of California with only brief assignments in the state, in part, because applying the law under these circumstances would violate the Commerce Clause, the Due Process Clause, and the Full Faith and Credit Clause of the U.S. Constitution).

LEGAL_US_W # 53137253.1

-8-

DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF

~~9.    In its 2002 Enforcement Policies & Interpretations Manual~~ ("2002 DLSE Manual"), the California Division of Labor Standards Enforcement ("DLSE") similarly stated: "Absent a conflict with federal law, and subject to proper interpretation of the IWC orders in light of the existence of territorial boundaries and potential conflicts with the laws of other jurisdiction, **the IWC orders presumptively cover individuals who are domiciled in California but who work partly or, under some circumstances, even principally, outside the state.**" 2002 DLSE Manual § 43.6.12, www.dir.ca.gov/dlse/manual-instructions ~~(emphasis added).~~

10.    Plaintiffs' second cause of action for violation of California Business & Professions Code §§ 17200, *et seq.* ("§ 17200") also fails because it is founded solely on alleged violations of the Labor Code.

~~**B.    Allowing Plaintiffs To Maintain Their First and Second Causes of Action Would Violate The Commerce Clause Of The U. S. Constitution.**~~

11.    The Commerce Clause of the U.S. Constitution gives Congress the power to "regulate Commerce with foreign Nations and among the several States." U.S. Const., art. I, § 8. "This affirmative grant of authority to Congress also encompasses an implicit or 'dormant' limitation on the authority of the States to enact legislation affecting interstate commerce." *Healy v. Beer Institute*, 491 U.S. 324, 326, 109 S. Ct. 2491, 105 L. Ed. 2d 275, n. 1 (1989). The Commerce Clause thus protects against inconsistent legislation arising from the projection of ~~one state's regulatory regime into the jurisdiction of another state.~~

//
//

1       ~~12.     Where a state statute "regulates evenhandedly to effectuate a legitimate public interest," but the statute incidentally affects interstate commerce, it will not be upheld where "the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *See Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142, 90 S. Ct. 844, 25 L. Ed. 2d 174 (1970).~~

13.     ~~Importantly, "the practical effect of the statute must be evaluated not only by considering the consequences of the statute itself, **but also by considering how the challenged statute may interact with the legitimate regulatory regimes of other states and what effect would arise if not one, but many or every state adopted similar legislation.**" *Healy*, 491 U.S. at 336 (emphasis added).~~

14.     ~~Because of the minimal amount of time Plaintiffs worked in California as compared to the amount of time they worked in their home and other states, the burden on interstate commerce unquestionably outweighs California's interest in applying the Labor Code provisions and § 17200 to them.~~

C.     **The First and Second Causes of Action Allowing Plaintiffs To Maintain These Claims Would Violate The Due Process Clause Of The U.S. Constitution.**

15.     The Due Process Clause has been interpreted to limit a forum state's application of its law to the claims of non-resident plaintiffs in a nationwide class action. "[T]he existence of personal jurisdiction over a defendant does not alone permit application of the forum law to the claims of non-resident plaintiffs." *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 226, 85 Cal. Rptr. 2d 18, 26 (1999) (reversing trial court certification of nationwide class action for

alleged violation of § 17200; "Even though a forum state may have personal jurisdiction over the defendant, in order to apply its law, the forum still must have **significant contact or a significant aggregation of contacts to the claims asserted** by each member of the plaintiff class to ensure that application of the forum law to each plaintiff's claim is not arbitrary or unfair.") *Id. Accord Campbell*, 42 Cal. App. 4th at 1858 (rejecting claim under FEHA by non-resident who spent only a small portion of her working time in California; "[B]oth the due process clause and full faith and credit clause are implicated when a state seeks to impose its laws where there are no significant contacts or aggregation of contacts creating state interests.").

16. In the instant case, Plaintiffs' contacts with California, even when aggregated, simply are not sufficient to create state interests warranting application of the Labor Code Provisions and § 17200 to the little portion of their working time spent in California.

### D. Plaintiffs' Third Cause of Action Fails as a Matter of Law Because § 17200 Does Not Apply Outside of California

17. California statutes are presumed not to apply outside the state. *See North Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4, 162 P. 93 (1916) (holding that California's workers' compensation laws do not provide a remedy for injuries outside the state; "Although a state may have the power to legislate concerning the rights and obligations of its citizens with regard to transactions occurring beyond its boundaries, the presumption is that it did not intend to give its statutes any extraterritorial effect"); *Accord, e.g., Churchill Village LLC v. General Electric Co.*, 169 F. Supp. 2d 1119, 1126 (N.D. Cal. 2000) (denying motion for preliminary injunction to stop alleged unfair competition and false advertising nationwide on

1  ground that the laws were not intended to apply outside the state; "California law
2  embodies a presumption against the extraterritorial application of its statute.").

4    18. The party seeking extraterritorial application of a law has the
5  burden of producing evidence demonstrating that extraterritorial application of the
6  law "is clearly expressed or reasonably to be inferred from the language of the act
7  or from its purpose, subject matter, or history." *North Alaska*, 174 Cal. at 4.

9    19. Plaintiffs have failed to overcome the presumption against
10 nationwide application of § 17200. In *Norwest Mortgage, supra*, the appellate
11 court reversed the order granting certification, holding that, § 17200 does not apply,
12 and that the Due Process Clause of the U.S. Constitution precluded the application
13 of § 17200, to conduct occurring outside of California. 72 Cal. App. 4th at 224-27.

15   20. Every court facing this issue since *Norwest Mortgage* has
16 followed its holding and rationale. *See, e.g., Standfacts Credit Services, Inc. v.*
17 *Experian Information Solutions, Inc.*, 405 F. Supp. 2d 1141, 1147-48 (C.D. Cal.
18 2005) (holding that non-resident plaintiffs could not state a claim against non-resident
19 defendants under § 17200 because of the presumption against extraterritorial [on a conspiracy theory]
20 application of a law and due process considerations; "Mindful of the presumption
21 that the California legislature does not intend for its statutes to have force or
22 operation beyond the boundaries of the state, the court finds that [defendants]
23 cannot be liable to the non-resident plaintiffs [for violation of § 17200]"); *Churchill*
24 *Village*, 169 F. Supp. 2d at 1126-27 (holding that only California consumers could
25 proceed on a claim under California Business and Professions Code section 17500
26 because the non-resident class members could not establish a sufficient nexus with
27 California, and the law does not apply extraterritorially). Cf. *Kearney v.*
28 *Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 100 (2006) (applying California privacy law after finding California's interest would be more harmed than Georgia's).

LEGAL_US_W # 53137253.1
            -13-
DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF

21. To the extent Plaintiffs' third cause of action purports to redress violations of the FLSA that occurred when Plaintiffs and members of the class they seek to represent spent time working in California, the claim fails for the same reasons that Plaintiffs' § 17200 claim based on Labor Code provisions fails. *See Norwest Mortgage*, 72 Cal. App. 4th at 229 ("If on remand plaintiffs seek certification of a class to include [non-California residents who purchased insurance in California] the court must analyze the choice of law issues anew to determine whether California law or the laws of other states should govern the claims of [these individuals].").

E. ~~Further Conclusions of Law.~~

22. ~~Any finding of fact set forth above that is deemed to be a conclusion of law is hereby ruled to be a conclusion of law.~~

DATED: June 19, 2006        PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
          STEPHEN L. BERRY

Attorneys for Defendant
ORACLE CORPORATION

IT IS SO ORDERED

DATE____OCT 18 2006____

_____
U.S. DISTRICT COURT JUDGE

LEGAL_US_W # 53137253.1                -13-
DEFENDANT'S SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss:
COUNTY OF ORANGE         )

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is Paul, Hastings, Janofsky & Walker LLP, Seventeenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626-1924.

On June 19, 2006, I served the foregoing document(s) described as:

**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

on the interested parties by placing copies of such document(s) in a sealed envelope addressed as follows:

Robert W. Thompson, Esq.
Callahan, McCune & Willis
111 Fashion Lane
Tustin, California 92780-3397
(T) (714) 730-5700
(F) (714) 730-1642

☐ **VIA OVERNIGHT MAIL:**

VIA UPS: By delivering such document to an overnight mail service or an authorized courier in a sealed envelope or package designated by the express service courier addressed to the person on whom it is to be served.

☒ **VIA PERSONAL DELIVERY:**

I delivered to an authorized courier or driver authorized by First Legal Support Services to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed with the court upon request.

☐ **VIA U.S. MAIL:**

I am readily familiar with the Firm's practice of collection and processing of correspondence for mailing. Under that practice such sealed envelope would be deposited with the U.S. postal service on _____, with postage thereon fully prepaid, at Costa Mesa, California.

☐ **VIA FACSIMILE:**

The facsimile transmission report indicated that the transmission was complete and without error. The facsimile was transmitted to Facsimile # (714) 730-1642 on _____.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.. Executed on June 19, 2006, at Costa Mesa, California.

_____
Molly Perley

LEGAL_USW/4677921.1

PROOF OF SERVICE